**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

ERICK WANJIKU #A058-531-304                    CASE NO.  6:25-CV-02108 SEC P

VERSUS                                                        JUDGE JAMES D. CAIN, JR.

DEPT OF HOMELAND SECURITY               MAGISTRATE JUDGE CAROL B. WHITEHURST

<u>**MEMORANDUM ORDER**</u>

Pro se Petitioner has filed a Petition for Writ of *Habeas Corpus*, which includes a Motion for Temporary Restraining Order (Doc. 1).  Due to deficiencies that have now been corrected, the Court now addresses Petitioner's Motion for Temporary Restraining Order.

<u>**BACKGROUND**</u>

Petitioner, a native of Kenya, claims to have been a lawful permanent resident since 2006. He was convicted in an Oklahoma state court for domestic assault by strangulation on January 5, 2022,[1] and sentenced to three (3) years in prison.[2] Petitioner appealed to the Oklahoma Court of Criminal Appeal; the appeal was denied affirming his conviction on March 16, 2023.[3] Plaintiff subsequently filed for post-conviction relief, which was denied.[4]

Petitioner was discharged on May 8, 2025, and immediately placed in the custody of the U.S. Department of Homeland Security.[5] An altercation between Petitioner and two

---

[1] Doc. 9, p. 36.
[2] Petitioner was charged with Domestic Assault and Battery by Strangulation (Count one), Rape, 1st Degree (Count Two), Kidnapping (Count three), and Forcible Sodomy (Count Four).
[3] See *Erick Wanjiku v. States of Oklahoma*, F-2022-96 (Okla. Crim. March 16, 2023).
[4] Doc. 9-1. P. 53.
[5] *Id.* p. 37

ICE deportation officers occurred on that same date, which resulted in a subsequent conviction of two federal counts of assault on a federal officer.[6]

Petitioner claims he was assaulted by ICE agents for refusing to sign immigration documents or to provide a thumbprint in place of the signature, which resulted in a federal crime of assault on a federal officer. Petitioner was convicted and sentenced to a term of 36 months in federal prison. Petitioner is challenging both the state and federal convictions. Petitioner requests that Respondent hold in abeyance the removal proceedings pending the outcome of the challenges to his state and federal convictions.

## **LAW AND ANALYSIS**

In reviewing the Petition, the Court notes that Petitioner's arguments orbit around being wrongfully convicted for both the state and federal convictions--"petitioner has requested the attorney general to find the federal conviction infirm."[7] It appears that Petitioner is arguing that he cannot challenge the immigration proceedings without first challenging the validity of his criminal convictions.[8] He also notes that he has a § 2255 motion in Oklahoma that is awaiting the government's response, and his "due process right to file a reply will be impeded by Respondent's action" of removal.[9]

Petitioner's request for a temporary restraining order challenges his detention during the Respondent's removal process because it might hinder his ability to defend his actions in the state and federal convictions.

---

[6] *Id.* p. 38.
[7] Doc. 1, p. 5.
[8] *Id.* p. 7.
[9] *Id.* p. 8.

Petitioner contends that there is a substantial likelihood that he will prevail on the merits and have his convictions overturned. Thus, he "will suffer irreparable injury should the Court fail to grant the TRO and the threatened injury to Petitioner outweighs the threatened harm the TRO may do to respondent, and granting the TRO will not dis-serve the public interest."

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The Court finds that a temporary restraining order is not warranted here. Petitioner has had access to the Courts by filing the instant Petition, and thus there should be no impediment to him proceeding in his challenges to the state and federal convictions. Petitioner states that he has a substantial likelihood of succeeding on the merits in this case, which appears to be based on his challenges to the state and federal convictions. Petitioner has failed to persuade the Court that his prior convictions will be overturned. Additionally, Petitioner has failed to show any irreparable injury in this case and his statement that granting the injunction will not disserve the public interest is unsupported. Accordingly,

**IT IS ORDERED** that the Motion for a Temporary Restraining Order is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 19th day of March, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**