**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ERICK WANJIKU #A058-531-304** | **CASE NO.  6:25-CV-02108 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DEPT OF HOMELAND SECURITY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 5) filed by pro se Petitioner Erick Wanjiku ("Wanjiku"), an immigration detainee at the ICE Processing Center in Pine Prairie, Louisiana.  Wanjiku challenges the legality of state and federal criminal convictions, and asks that the Court stay his immigration proceedings.  *See* Docs. 1, 5, 7, 9.

Because the Court lacks jurisdiction, the Petition should be DENIED and DISMISSED WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits of Wanjiku's claims.

## I.    BACKGROUND

Wanjiku is a native of Kenya, who claims to have been a lawful permanent resident since 2006.  Doc. 9 at 36.  He was convicted in an Oklahoma state court for domestic assault by strangulation on January 5, 2022, and sentenced to three years of imprisonment.  *See id*.  Wanjiku's conviction was affirmed.  *See Wanjiku v. State*, F-2022-96 (Okla. Crim. March 16, 2023).  He subsequently filed an application for post-conviction relief, which was denied.  Doc. 9-1 at 53.

Wanjiku was discharged from state custody on May 8, 2025, and immediately placed in the custody of the U.S. Department of Homeland Security.  *See id*. at 37.  An altercation between

1

Wanjiku and two ICE deportation officers occurred on that same date, which resulted in a subsequent conviction of two federal counts of assault on a federal officer. *Id.* at 38.

## II.      LAW AND ANALYSIS

"[N]o court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal order against any alien." 8 U.S.C. § 1252(g); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Therefore, the Court lacks jurisdiction to intervene in Wanjiku's ongoing immigration proceedings. *See Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999).

Additionally, the Court lacks jurisdiction over Wanjiku's collateral challenge to his state and federal convictions. To challenge a state conviction, Wanjiku must proceed under § 2254. He previously challenged the state conviction under § 2254, and he has been denied authorization to file a second or successive petition. *In re: Erick Wanjiku*, No. 26-5027 (10th Cir. 3/2/26).

To collaterally attack a federal conviction, Wanjiku must proceed under § 2255 in the court of conviction. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (§ 2255 provides the primary means of collaterally attacking a federal conviction and sentence). A § 2241 petition may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* Wanjiku's § 2255 motion is pending in the United States District Court for the Western District of Oklahoma. *See United States v. Wanjiku*, 5:23-CR-00227 (W.D. Ok.), Doc. 186. He does not show that the remedy is inadequate or ineffective. Therefore, this Court lacks jurisdiction.

III.    **CONCLUSION**

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED, WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits of Wanjiku's claims.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 21st day of April, 2026.

_____
Carol B. Whitehurst
United States Magistrate Judge

---

[1] *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed without prejudice regarding all other issues."). *Reed v. Young*, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).